

**FILED**

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0228

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 24-0228

IN RE THE MARRIAGE OF:

BENJAMIN MARTIN,

Petitioner and Appellant,

and

BRANDI WILLIAMS,

Respondent and Appellee.

ORDER

**FILED**

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

On November 4, 2019, the parties, Benjamin Martin (Martin) and Brandi Williams (Williams) filed a Joint Petition for Dissolution of Marriage. Their mutual agreement that they should get divorced was perhaps the last time they agreed on anything. The parties have continued with ongoing contentiousness for nearly five years amassing over 270 filings in their dissolution action.

This appeal, filed by Martin, is a companion appeal to another appeal filed by Martin in DA 24-0146. In that appeal, a separate opinion is being issued simultaneously with this Order. In relation to this appeal, Martin has unnecessarily filed several notices of appeal— a Notice of Appeal on April 8, 2024, an Amended Notice of Appeal on April 9, 2024, a Second Notice of Appeal on April 10, 2024, and a Third Amended Notice of Appeal on April 26, 2024.

In the companion appeal, Martin appealed from two orders of the District Court issued February 9, 2024—one denying his motion to modify parenting plan and one denying his motion for contempt. While that appeal was pending, Martin filed another motion for contempt and Williams filed a motion to suspend parenting time with respect to the parties' oldest child. Upon reviewing the motion to suspend parenting time, the District Court issued its April 4, 2024 Order Inviting Responsive Affidavit on Motion to

Suspend Parenting Time. On April 8, 2024, Martin filed notice of appeal in relation to the April 4, 2024 order.

Martin next filed two motions on April 9, 2024—a motion for perjury and a motion for vexatious duplicative filings. The District Court then issued an Order on April 9, 2024, confirming the docketed hearing it had previously set for later in the month and invited the parties to identify information as to potential counselor(s) for the children. On that same date, Martin filed an amended notice of appeal with regard to the District Court's April 9, 2024 order.

On April 10, 2024, the District Court issued its Order as to Petitioner's motions for perjury and vexatious filings. In that order, the District Court advised that to the extent these motions were expressed by Martin in his prior motions for contempt and to modify the parenting plan, those issues were on appeal (in companion appeal DA 24-0146) and to the extent these motions addressed the motion to suspend parenting time, Martin could present them as he had done in his response to the motion to suspend parenting time and through his presentation at the time of hearing on that motion. In response to this order, Martin filed his Second Amended Notice of Appeal on April 10, 2024.

On April 22, 2024, Martin filed a Notice of Appeal of CSSD Discovery Ruling Denying Discovery and Violation of Due Process seeking judicial review of a determination issued by CSSD denying discovery and setting a hearing. On April 25, 2024, the District Court issued its Order Following Petitioner's Notice of CSSD Discovery Ruling Denying Discovery and Violation of Due Process. In this order the District Court determined CSSD's Order Denying Discovery and Setting Hearing was not a final agency decision subject to district court review. The District Court advised Martin that prior to seeking judicial review, he was required to exhaust all administrative remedies and receive a final written agency decision. Despite the District Court's appraisal that he must first exhaust all administrative remedies and obtain a final written agency decision before seeking judicial review, in response to this order, Martin did not proceed with exhausting

2

his administrative remedies to final decision but instead filed his Third Amended Notice of Appeal.

In general, this Court considers appeal only from a final judgment that conclusively determines the rights of the parties and settles all claims in the litigation, including any necessary determination of amount of costs and fees awarded or whether any sanctions will be imposed. *See* M. R. App. P. 4(1)(a). Despite implementing a procedure to reduce frivolous filings, despite being apprised of the requirements of exhausting administrative remedies and obtaining a final written agency decision before seeking judicial review, and despite the clear mandates of M. R. App. P. 4(1)(a), Martin has continued to file frivolous motions and inappropriately seek appeal to the point of being clearly vexatious. This must stop. All of the orders from which Martin appeals in this appeal are not final orders from which an appeal may be taken such that this appeal is wholly frivolous.

Therefore,

IT IS ORDERED that this appeal is DISMISSED, without prejudice.

IT IS FURTHER ORDERED that pursuant to M. R. App. P. 19(5) it is appropriate to sanction Martin and we do so by requiring him to pay the reasonable attorney fees and costs incurred by Williams as the prevailing party in defending this appeal and further by limiting Martin from filing any pleadings or documents in the District Court or in this Court related to the dissolution, the parenting plan or child related matters, or other issues or matters relating to Williams without prior written approval of the respective court.

The Clerk is directed to provide copies of this Order to the District Court and all counsel of record.

Dated this 12 day of November, 2024.

3

Justices